NO. 7921.                     STATE OF LOUISIANA.

MRS JOS. FREDERICO.

VS                            COURT OF APPEAL

J. S. SCHEINKRAUT.            PARISH OF ORLEANS.

----------------

**7921**

St. Paul, Judge.

This is a proceeding to eject a tenant after due notice to vacate.

Plaintiff alleges that defendant "failed to pay the rent note x x x x due March 1st but paid said rent note only on March 4th, and thus violated the terms of the lease".

Defendant excepted that the petition showed "no cause of action", and then set up as a special defense that plaintiff had waived prompt payment of the rent by heretofore receiving the same at slightly delayed periods.

I.

The proceedings being by rule the exception was not heard seperately from the merits. On the trial it was shown that plaintiff had notified defendant prior to March 1st that she would thereafter "expect him to comply strictly with the conditions of his lease", and that the rent notes had been deposited for collection in a certain bank.

The rent notes however were not made payable at said bank nor at any other particular place, and it is neither alleged nor shown that any demand for the rent was made upon defendant personally or at his place of residence.

Under the circumstances defendant was not in default since "in the absence of a stipulation in the lease to the contrary the rent is payable at the dwelling of the lessee",

578

Lafayette Realty Co vs Puglia, 10 Orleans App 105; or at

least the rent note should have been presented to defendant

personally, Bonnabel vs Metaire Cypress Co, 129 La 928; *See also Dalloz, Code Nap. Art 1728, n° 273.*

Nor does the fact that defendant had on previous occasions

taken up his notes at the bank where they had been deposited

create any obligation on his part to do so again, Hazard

vs Lambeth. 3 Rob 378; *See also Dalloz, Code Nap. Art 1247, n° 38.*

As to the provisions of the lease reserving to the

lessor the right to dissolve the lease without putting the

lessee in default should the latter violate any of the

conditions thereof, these of course can have no possible

application tp payment of rent, since such a thing as

payment of money without the presence at the place of

payment of the creditor or his representative to receive

it is an actual as well as a legal impossibility C. C. 2140. *See Dalloz, Code Nap. Art 1139, n° 34.*

II.

We have said that it is neither alleged nor proved that

any demand for payment was made upon the lessee personally

or at his dwelling, and hence he was not in default. It is

urged however that this court can  on this appeal consider

only the special defense because of the provisions of

Revised Statutes Section 2157.

But this is not sound. It is true that a lessee has no

right to a suspensive appeal unless he has filed a special

defense; but his right to appeal devolutively on the whole

case is wholly independent of any special defense, Lauga vs ##
Baradat, 7 Orleans App. 447. And this is so true that if
the lessor execute the judgment and it is afterwards
reversed, he will be answerable in damages, Mengelle vs
Abadie, 48 An 669.

Hence the whole case is before us in one shape or another;
and having the whole, case before us there is no reason why
it should not be disposed of by one judgment. For it would
be manifestly absurd for us to divide our decree and say on
the one hand that the special defense is not good and hencce
plaintiff may execute the judgment at her peril, and on the
other hand that for other reasons the judgment is erroneous
and cannot be executed at all. Even had the two appeals
reached us seperately we would as a matter of course
have directed their consolidation. In re Land Development
Co 10 Orleans App 180.

The judgment appealed from is therefore reversed and
it is now ordered that plaintiff's demand be rejected at
her cost in both courts.

New Orleans La, May 31st, Oct 25th, 1920.